IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2735-SMY |
| | ) |
| VELT BOYZ ENTERTAINMENT, LLC, | ) |
| EBONY JONES, and | ) |
| JAMES EDWARD JONES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joe Hand Promotions, Inc. ("JHP") filed this action alleging that Defendants Velt Boyz Entertainment, LLC d/b/a Da Beno ("Da Beno" or "Establishment"), Ebony Jones, and James Jones[1] knowingly and willfully violated certain provisions of the Communications Act of 1934, 47 U.S.C. §§ 553, 605 ("Act") by unlawfully intercepting and exhibiting five pay-per-view Events. On January 13, 2023, the Clerk of Court entered default against the defendants (Doc. 12).

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. 14). For the following reasons, the motion is **GRANTED**.

## Background

The facts, except for those relating to damages, are taken from the allegations of JHP's Complaint and are deemed admitted because of Defendants' default. JHP is a corporation that owns the licensing rights to satellite and cable broadcasts of sporting events, including professional boxing matches. JHP contracts with entities across the country (including restaurants and sports

---

[1] JHP voluntarily dismissed Defendant James Jones on March 8, 2023 (Doc. 13).

bars) to permit those entities to broadcast sporting events in their establishments. Those establishments receive the broadcast signal and permission to exhibit the sporting events to their patrons. To ensure that only legitimate sub-licensees receive access to the sporting events, JHP retains auditors that visit commercial establishments to determine whether JHP's sporting events are being exhibited without proper authorization.

Defendants intercepted JPH's signal and broadcasted five pay-per-view programs at Da Beno, including all undercard bouts and commentary to: *Manny Pacquiao vs. Adrien Broner* on January 19, 2019; *Manny Pacquiao vs. Keith Thurman* on July 20, 2019; *Ultimate Fighting Championship® 240: Holloway vs. Edgar* on July 27, 2019; *Errol Spence Jr. vs. Shawn Porter* on September 28, 2019; and *Deontay Wilder vs. Luis Ortiz II* on November 23, 2019 (the "Events").

JHP submitted the affidavit of auditor, Stephen Forte, who avers that he entered Da Beno on November 23, 2019, and observed an unauthorized Event displayed on three televisions. Forte was not charged a cover to enter Da Beno. He noted that Da Beno had an approximate capacity of 90-100 people. Forte took three head counts during the three hours he was there and counted approximately 30-80 patrons. Defendants also advertised on Facebook that Da Beno would broadcast each of the unauthorized Events.

## Discussion

Under Federal Rules of Civil Procedure 55, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. *Homer v. Jones–Bey,* 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead."

*Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

However, complaint allegations regarding damages are not deemed true on default. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* The determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* 368 F.3d at 793.

A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to § 605(e)(3)(C)(i). Statutory damages may range from a minimum of $1,000 to a maximum of $10,000, in the court's discretion. 47 U.S.C. § 605(e)(3)(C)(i)(II). The Act also permits enhanced damages of up to $100,000, in the discretion of the Court, where the defendant has exhibited disregard for the governing statute and indifference to its requirements. Section 605(e)(3)(C)(ii); *see, e.g., Kingvision Pay-Per-View, Ltd. v. Scott E'S Pub., Inc.,* 146 F.Supp.2d 955, 959-61 (E.D. Wis. 2001).

Here, JHP seeks statutory damages, in the amount of $6,720.00, which is equal to the total legal licensing fees for the Events. In support of its request for damages, it submitted rate cards indicating what it would have charged Defendants to show the Events based on the maximum capacity of the facility where the event was to be broadcast (Doc. 40-3). Assuming the auditor's estimation of 80 people is correct, Defendants would have had to pay a total of $6,720.00 for the five Events. Therefore, the Court finds the requested statutory damages are appropriate. *See Zuffa,*

*LLC v. Vidmar*, No. 20 C 00735, 2020 WL 9078125, at *3 (N.D. Ill. Sept. 2, 2020) (awarding statutory damages based on the rate card fees).

Regarding enhanced damages, the Act sets forth a maximum recovery and otherwise leaves the matter to the discretion of the Court. When determining how much in enhanced damages to award, courts consider several factors, including: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. *Joe Hand Promotions, Inc. v. Kaczmar*, No. 08 C 2910, 2008 WL 4776365, at *2 (N.D. Ill. Oct. 29, 2008).

Here, there is no evidence establishing Defendants' unlawful monetary gains or JHP's actual damages. JHP alleges five separate violations based solely on Defendants' advertising on social media. JHP's auditor only observed one actual Event at Defendants' establishment. The auditor did not pay a cover to enter the establishment. He estimated the capacity of the establishment was 90-100 people. The auditor took three head counts during the three hours he was at the establishment with an average of about 58 patrons watching the Event. After consideration of the evidence and review of the authority submitted by JHP, the Court finds that the weight of the factors does not support JHP's request for enhanced damages.

Finally, under 47 U.S.C. § 605(e)(3)(B), attorneys' fees and costs are mandatory if a violation is found. The Court has reviewed the materials submitted in support of JHP's request for $1,500.00 in attorneys' fees and $1,234.64 in costs and finds those amounts well supported and reasonable. JHP is awarded attorneys' fees and costs in the amount of $2,734.64.

**Conclusion**

For the foregoing reasons, Plaintiff Joe Hand Productions, Inc.'s Motion for Default Judgment (Doc. 14) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiff in the amount of $9,454.64.

**IT IS SO ORDERED.**

**DATED:  March 15, 2024**

**STACI M. YANDLE**
**United States District Judge**